MEMORANDUM **
Okpara has waived any challenge to the BIA’s denial of CAT protection by failing to raise the issue in her opening brief. See Husyev v. Mukasey, 528 F.3d 1172, 1183 (9th Cir.2008).
We affirm the denial of Okpara’s asylum and withholding of removal claims because she waived any challenges to the IFs finding, adopted by the BIA pursuant to Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), that she could reasonably relocate within Nigeria. See Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir.2010). Her opening brief states that “the sole issue on appeal in this case is whether the BIA’s adverse credibility determination is supported by substantial evidence.” See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996). But the finding that internal relocation is a reasonable option was a dispositive basis, independent of the adverse credibility determination, for denying asylum and withholding of removal relief. See Melkonian v. Ashcroft, 320 F.3d 1061, 1069 (9th Cir.2003); Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 999 (9th Cir.2003); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
We don’t believe that denying Okpara’s petition on waiver grounds would result in “manifest injustice” to her. Alcaraz v. INS, 384 F.3d 1150, 1161 (9th Cir.2004).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.